IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**AVRIAL ARNETTA SAYRE,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-307**     (Cir. Ct. Jackson Cnty. Case No. CC-18-2021-C-21)

**JACOB HAYES TAYLOR,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Avrial Arnetta Sayre appeals a June 7, 2024, order from the Circuit Court of Jackson County granting Respondent Jacob Hayes Taylor's Motion for Summary Judgment and the circuit court's July 24, 2024, order denying Ms. Sayre's objection to the entry of the order granting summary judgment. Mr. Taylor filed a response.[1] Ms. Sayre did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's orders but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the orders and remanding to the circuit court for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Sayre and Mr. Taylor were married on January 11, 2016, and share two minor children. Ms. Sayre alleges the couple separated on August 1, 2017, as a result of domestic violence. After their separation, Ms. Sayre alleges Mr. Taylor began stalking her. On April 15, 2019, Mr. Taylor followed Ms. Sayre in her vehicle while she drove their two children and caused a motor vehicle wreck in which he rear-ended Ms. Sayre's car. Ms. Sayre's car was determined to be a total loss as a result of the collision and their children's car seats were damaged. Ms. Sayre alleges Mr. Taylor was indicted for criminal charges as a result of this incident.

At the time of this incident, Mr. Taylor was insured by GEICO Secure Insurance Company ("GEICO"). Mr. Taylor asserts that, on June 25, 2019, GEICO paid the property

---

[1] Ms. Sayre is represented by James M. Pierson, Esq. Mr. Taylor is represented by Dwayne E. Cyrus, Esq., and Aaron J. Scarr, Esq.

damage claim on the policy held by Mr. Taylor and paid off Ms. Sayre's car loan because it was declared a total loss. Additionally, GEICO allegedly provided Ms. Sayre with a rental vehicle following the wreck and agreed to cover the property damage to the children's car seats. Mr. Taylor also alleges that Ms. Sayre signed a Secure Power of Attorney on June 26, 2019, to appoint GEICO as an attorney-in-fact for the purposes of handling title of her damaged vehicle to pay the property damage claim.

On April 13, 2021, Ms. Sayre filed a complaint in the Circuit Court of Jackson County alleging claims of intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy, tortious interference with parental rights, and the tort of outrage against Mr. Taylor and various members of his family.[2] On April 23, 2021, Ms. Sayre filed an amended complaint which is the operative complaint in this matter.[3] The parties then engaged in discovery.[4] On October 30, 2023, and prior to the close of discovery, Mr. Taylor filed his Motion for Summary Judgment arguing Ms. Sayre was not entitled to double recovery for her property damage claims because GEICO had already settled this claim. Mr. Taylor further argued that summary judgment should be granted because of Ms. Sayre's inability to supplement discovery or provide any proof of her alleged injuries; because she failed to substantiate her claims with evidence; and because many of the allegations she relied on were unrelated to the incident and fell outside the applicable two-year statute of limitations. This motion was set for hearing on December 7, 2023. However, on November 28, 2023, Ms. Sayre's counsel, James Pierson, filed a motion to withdraw from representation because the Supreme Court of Appeals of West Virginia temporarily suspended his ability to practice law. The circuit court granted the motion and allowed Mr. Pierson to withdraw in an order entered on November 29, 2023. The summary judgment hearing was then rescheduled for February 8, 2024.

On February 5, 2024, Ms. Sayre filed a notice of appearance for her new counsel, Kenneth Starcher III, along with a response to Mr. Taylor's Motion for Summary Judgment, and a Motion to Continue requesting additional time to fully prepare for the hearing. The circuit court granted the motion to continue on February 6, 2024. On February 15, 2024, Mr. Taylor filed his reply to his motion for summary judgment. The hearing on Mr. Taylor's motion for summary judgment was reset for May 15, 2024, and notice was

---

[2] Ms. Sayre's complaint also alleges that Mr. Taylor's family members harassed and intimidated her and made numerous false reports to various government agencies in an attempt to cause her to lose custody of her children.

[3] The operative complaint is not included in the record before this Court.

[4] It is unclear from the record when discovery began or ended. However, it appears to be undisputed that Mr. Taylor's summary judgment motion was filed while discovery was ongoing.

issued to all parties. However, Ms. Sayre and her counsel failed to appear at this hearing and the circuit court granted summary judgment in favor of Mr. Taylor at that hearing. On June 7, 2024, the circuit court entered an order granting summary judgment in favor of Mr. Taylor and held it had reviewed the record and determined there was no genuine issue as to any material fact because Ms. Sayre's response did not identify any "product or action of said Defendant at issue in this case or offered any witnesses for deposition with regard to any such product or action." The circuit court allowed Ms. Sayre twenty-one days to object to the ruling and to show good cause for why her counsel did not appear at the May 15, 2024, hearing. The order further stated it would become final if no objection was filed after the expiration of the twenty-one-day period.

On June 11, 2024, the circuit court held a remote scheduling conference, and Ms. Sayre and her substitute counsel also failed to appear for this hearing. However, Ms. Sayre's former counsel James Pierson appeared and informed the circuit court that he planned to reappear to represent Ms. Sayre as his suspension from the practice of law had been lifted. At the remote hearing, the circuit court determined that the Order Granting Summary Judgment would continue to remain in effect, allowing time for Mr. Pierson to file his notice of appearance and any objection by Ms. Sayre showing good cause for the failure to appear. The circuit court also set the matter for an in-person status hearing on July 23, 2024. On June 25, 2024, Ms. Sayre, by her counsel James Pierson, filed an Objection to Entry of the Order Granting Summary Judgment. On July 8, 2024, Mr. Taylor filed a Response to the Objection, which reiterated that Ms. Sayre and her former counsel had failed to show any good cause that constituted excusable neglect for the failure to appear at the summary judgment hearing.

On July 23, 2024, the parties appeared for the in-person status hearing. At the hearing, Ms. Sayre requested that the circuit court set aside the Order Granting Summary Judgment on the basis that discovery was still needed, that there were genuine issues of material fact, and that prior counsel's failure to appear constituted excusable neglect. The circuit court heard arguments from both parties and then overruled Ms. Sayre's objection. It held that it had reviewed the relevant pleadings and determined there was no genuine issue of material fact. On July 24, 2024, the circuit court entered an order holding there was no genuine issue of material fact and that Ms. Sayre failed to offer good cause for her former counsel's failure to appear pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Ms. Sayre now appeals the circuit court's June 7, 2024, order and its July 24, 2024, order.

Our review of a circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply: "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383,

624 S.E.2d 815, 820 (2005) (quoting *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337.

On appeal, Ms. Sayre asserts five assignments of error. First, she argues the circuit court erred in granting Mr. Taylor's motion for summary judgment. Second, she argues the circuit court failed to make specific findings to justify its ruling, Third, she argues the circuit court erred when it found there was no genuine issue of material fact. Fourth, she argues the circuit court erred when it failed to consider Ms. Sayre's June 25, 2024, objection to the order granting summary judgment. Finally, she argues the circuit court erred when it found that Ms. Sayre and her counsel lacked good cause for failing to appear at the May 15, 2024, hearing.

Upon review, the circuit court's orders neither provide any conclusions of law nor make any findings of fact to support its judgment. "Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syl. Pt. 2, *State Farm Fire & Cas. Co. v. Nathaniel Realty, LLC*, 246 W. Va. 676, 874 S.E.2d 788 (2022) (quoting Syl. Pt. 3, *Fayette County National Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997)). Neither of the two summary judgment orders entered by the court meet this standard or provide an analysis of how there were no genuine issues of material fact remaining for resolution. In their briefing before this Court, the parties dispute whether GEICO's prior payments were sufficient to settle these claims, whether Ms. Sayre's claims are barred by the applicable statute of limitations, or whether the circuit court considered Ms. Sayre and her counsel's failure to appear at the May 15, 2024, summary judgment hearing as a basis for its ruling. These issues are in dispute because the circuit court does not clearly state why summary judgment was granted for Mr. Taylor or what conclusions of law supported its decision. Ms. Sayre argues that discovery was ongoing and the parties dispute whether additional discovery was necessary, but neither the circuit court nor the parties state how long discovery was ongoing or how much time was left in the discovery period. The factual findings and conclusions of law that the circuit court considered in making this decision are essential in assisting this Court in resolving these disputes. Therefore, we must vacate the orders on appeal and remand the matter to the circuit court with directions to address these issues through the entry of an amended order that contains sufficient findings of fact and conclusions of law to permit meaningful appellate review, including the taking of additional evidence, if necessary.

4

Accordingly, the circuit court's June 7, 2024, and July 24, 2024, orders are vacated, and this case is remanded to the circuit court for further proceedings consistent with this decision.

Vacated and Remanded for further proceedings.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White